Crew, J.
The printed record in this case presents for determination this single question: “Did the board of commissioners of Miami county have jurisdiction and authority to entertain the petition of Mary E. Faulkner, to grant the prayer thereof and to order the location and construction of the ditch therein prayed for?” This question was answered by the probate court and the court of common pleas in the negative, and judgments were rendered accordingly. The circuit court being of opinion that ;said board of commissioners had jurisdiction in the premises reversed the judgments of the lower courts and remanded the cause to the probate court of Miami county for further proceedings. In this finding and judgment of the circuit court we think there was error. The boards of county commissioners of the several counties, and the municipal authorities of the several cities and villages within this state, in the matter of the location and construction of drains and ditches, have such jurisdiction and authority and such only, as is given them respectively by statute, and the power and authority of each is limited to the power and authority so conferred. It would seem to be conceded in the present case that whatever authority was conferred upon or possessed by the board of commissioners of Miami county to locate and establish the ditch in controversy, was conferred upon said board by the provisions of section 4447, Revised Statutes, which section is as follows:
*136 ‘ ‘ The commissioners of any county at any regular or called session may, in the manner provided in this chapter, when the same is necessary to drain any lots, lands, public or corporate road or railroad, and will be conducive to public health, convenience or welfare, cause to be located, and constructed, straightened, widened, altered, deepened, boxed or tiled, any ditch, drain or water course, or box or tile any portion thereof or cause the channel of all or any part of any river, creek or run, within such county to be improved by straightening, widening, deepening or changing the same, or by removing from adjacent lands any timber, brush, trees or other substance liable to form obstruction therein.”
It is the contention of counsel for defendants in error that by virtue of this section county commissioners are authorized and empowered to locate and' construct at any place within the county, either within or without the corporate limits of a municipality, and where within such limits, without the consent of the municipal authorities, any ditch, drain or water course, provided only the same will be conducive to public health, convenience or welfare. We cannot concur in this interpretation of this statute. To SO' interpret the language of this section as to give it such meaning is, we think, to overlook, or wholly ignore, other provisions of the statutes, hereinafter’ noticed, by which municipalities as such, are clothed with full power and authority over drains, sewers- and ditches within their respective municipal limits. Furthermore such interpretation ignores the fact that the authority conferred upon the board of county commissioners by this section is, by the express language of the section, to be exercised by such board “in the manner provided in this chapter.”' *137 This section is a part of Chap. 1, Title 6 of the Be-vised Statutes, which title and chapter provides for the construction of county ditches. Section 4483, which is a section of the same chapter, provides when and how a municipal corporation may invoke the action of the board of commissioners in the matter of the' construction of a ditch “whenever the improvement will be conducive to the public health, convenience or welfare, of the whole or any portion of the inhabitants of the corporation.” The section is as follows:
“Section 4483. The council of a municipal corporation may, by resolution, authorize the mayor to present a petition, signed by him officially, and a bond, to the county commissioners, to locate and construct a ditch described in the resolution, or such council may authorize the mayor to sign officially a petition and bond for a ditch, to be presented by parties interested whose lands are without the limits of the corporation, whenever the improvement will be conducive to the public health, convenience, or welfare, of the whole or any portion of the inhabitants of the corporation; in such case the commissioners shall count the municipal corporation as an individual petitioner, and may direct the surveyor or engineer to locate the improvement in accordance with the petition, whether wholly within or wholly without, or partly within and partly without, the limits of the corporation; and the surveyor or engineer, in making his schedule of lots and lands benefited, may enumerate such lots and lands within or without the corporate limits as are specially benefited, and also the municipal corporation for benefits to the health and welfare of its inhabitants.” Section 4485, of the same chapter and title, provides that: “If the *138 proposed improvement passes through or into a municipal corporation the mayor of which has not signed the petition therefor as provided in the preceding section, the mayor shall be notified of the pendency of the petition in the same manner and at the same time that the commissioners are required by section forty-four hundred and fifty-two to be notified; the mayor shall notify the council of the pendency of the petition, at its next regular meeting, or, if necessary, call a special meeting of the council for that purpose; and thereupon the council shall appoint a committee of its members, or the engineer of the corporation, or both, to meet the commissioners, at the time and place of their meeting and view, and confer with them in regard to the improvement. ’ ’
This section by its terms can have application only to the construction of a ditch or improvement having its source without the corporate limits of a municipality, but which when constructed and completed will pass into or through the corporation, and this section does not confer upon the board of county commissioners jurisdiction or authority to locate and construct in a city or village a ditch the source and course of which lie wholly, or substantially, within the municipal limits of such city or village, and the sole purpose of which is the drainage of lots or lands lying within the municipality. The right, of municipalities to provide for and control the matter of drainage within their municipal limits is recognized, and has been amply provided for by the legislature.
By section 2403, Eevised Statutes, power and authority is vested in the council of any city or village to provide for the construction of ditches for *139 necessary drainage within the corporation. And by section 1692, power is expressly conferred upon cities and villages within this state, “To open, construct and keep in repair sewers, drains and -ditches,” within the municipality; and section 2232, Revised Statutes, authorizes them, for such purpose, “to appropriate, enter upon, and take, private property outside of the corporate limits.” From a consideration and comparison of these several statutory provisions, giving to each full force and effect, we are led to conclude that the manner in which drainage shall be accomplished within a municipal corporation is a matter primarily, and peculiarly, within the discretion and control of the municipality itself, by and through its legally constituted authorities. Dayton v. Taylor’s Admr., 62 Ohio St., 11, and we do not believe that it was the purpose or policy of the legislature to. confer upon boards of county commissioners jurisdiction and authority to locate and construct a ditch or drain within a municipal corporation, except where such municipality shall petition for the same, as provided in section 4483, or when the ■ditch or improvement being constructed by the commissioners, necessarily passes into or through the municipality as provided in section 4485. In the case at bar, it appears from the findings of fact as made by the probate court that the ditch petitioned for by Mary E. Faulkner and which the. board of commissioners ordered established “has its source near the center of the corporate limits of the said village of Pleasant Hill, Ohio, and is for the sole purpose of ■draining the lots and lands lying within the said municipality, and that said ditch flows for a long distance within said village, and passes out of said village for a short distance for the purpose of an outlet *140 only. The court further finds that said ditch was. not petitioned for by said village nor its council, nor was the petition therefor filed by the mayor of said village but by the owner of a lot lying and located within said village. The court also finds said ditch does not pass through or into said village in such manner as to deprive the council of said village of the jurisdiction over said drainage ditch. The court also finds that said ditch was petitioned for and granted and ordered by the board of county commissioners against the protest and objection of the council of said village, and its properly elected and qualified and acting mayor.”
We are unanimously of the opinion that upon the-facts so found, the board of commissioners of Miami county, were without authority or jurisdiction to-establish and construct the ditch in controversy, and the probate court and the court of common pleas,, properly so found and adjudged.

The judgment of the circuit court is reversed and' the judgment of the court of common fleas affirmed..

Speak, C. J., Davis, Shauck and Price, JJ., concur..
Summers, J., not sitting.